**UNITED STATES of America**
v.
**Walter M. HINTON.**
Cr. No. 367-64.

United States District Court District of Columbia.
Jan. 29, 1965.

YOUNGDAHL, District Judge.

This memorandum is in response to an order of the Court of Appeals filed January 21, 1965, which requested this Court to explain the considerations and reasons which led it to fix bail pending appeal for appellant in the amount of $3,000.

When the issue of bail pending appeal was presented to the Court, the initial consideration, in view of appellant's uncontroverted declaration of indigency, was whether he was a fit subject for release on his own recognizance. While this Court favors release on personal bond whenever it may be justified, the relevant factors in this case precluded such disposition in the Court's judgment.

■ The most significant considerations which generated the Court's decision to deny personal bond where the defendant's unemployment at the time of arrest and his general history of unemployment; the defendant's lack of substantial family ties in the community (he is unmarried); the defendant's prior criminal and juvenile records, which include a number of acts of violence and a failure to discharge the responsibilities and take advantage of the opportunities of probationary supervision of the Juvenile Court; the fact that this nineteen-year old faced a substantial period of confinement, albeit at the Youth Center; the fact that, in the Court's opinion, the evidence weighed very heavily against the defendant; and finally, the absence of any other substantial ties with the local community to counterbalance these negative factors.

■ Having determined that this defendant could not justifiably be released on his personal bond pending appeal, the question then became whether to deny bail altogether, or to set bond in such an amount that *if it could be raised*, the Court could feel reasonably assured, in the circumstances, that defendant's presence would be insured. The Court then believed, and continues to believe upon reconsideration at this time, that bail in the amount of $3,000, if it could be raised by this indigent defendant, would be sufficient to warrant his release pending appeal. Although it may appear inconsistent to set a monetary bond for an indigent, it has been the Court's experience that indigent defendants are often in the community on bond, having obtained the means therefor from family or friends. The fact that others in the community have come to a defendant's aid seems to the Court to create a new tie or contact with the community which *tends* to insure the presence of the defendant. The defendant's obligation is then not only to the Court but to those who financed his bond. In this case, if this new tie to the community could be created, and added to the fact that the defendant has always lived in the District and has never been known to "jump bail," plus the always present prospect of apprehension, this would be enough, in the Court's judgment, to justify his release pending appeal with reasonable assurance that he would respond when necessary.

It seems more just to leave open the possibility of release by setting some bond which, if raised, should satisfy the Court and the community that it will serve a purpose, than to take the alternative of denying bond altogether, particularly where the issue of fitness for bond pending appeal is as close a question as it is in this case.